IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARTIN MORGAN,                          :

    Plaintiff,                          :

        v.                          :          Civil Action No. DKC-22-2766

CO II JOSEPH NUMFOR,                    :

    Defendant.                          :
                          o0o

**MEMORANDUM OPINION**

Plaintiff Martin Morgan filed this action alleging violations of his civil rights which occurred while he was incarcerated at Maryland Correctional Institution – Jessup ("MCI-J").  ECF No. 1.  Mr. Morgan brought this action solely against Correctional Officer ("C.O.") II Joseph Numfor.  *Id.*  Mr. Morgan alleges that Officer Numfor failed to protect him from an attack by another inmate.  *Id.* at 2.

Officer Numfor filed a motion to dismiss or, in the alternative, motion for summary judgment on April 12, 2023.  ECF No. 13.  Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court informed Mr. Morgan that the failure to file a memorandum in opposition to Officer Numfor's motion could result in dismissal of the complaint.  ECF No. 16.  Mr. Morgan filed his opposition to Officer Numfor's Motion on May 1, 2023.  ECF No. 17.  Officer Numfor replied on May 17, 2023.  ECF No. 18.

The court finds that a hearing is not necessary.  *See* Local Rule 105.6 (D. Md. 2023).  For the reasons discussed below, Officer Numfor's motion will be granted due to Mr. Morgan's failure to exhaust his administrative remedies.  Mr. Morgan's claim against Officer Numfor will be dismissed without prejudice.

## I.     Background

Mr. Morgan's complaint alleges that in the early evening on March 11, 2021, while at MCI-J, he was assaulted by another inmate.  ECF No. 1 at 2.  During the assault, Mr. Morgan was stabbed in the back of his head.  *Id.*  Mr. Morgan states: "Officer Numfor did not help me, nor even tried to protect me from the inmate attack.  I ask Officer Numfor why didn't he help me.  Officer Numfor ignored me."  *Id.*  As a result of the incident, Mr. Morgan received a disciplinary infraction, segregation time, and a loss of good conduct credits.  *Id.* at 3.  As relief, he seeks $100.00 for being put on segregation, restoration of his good conduct credits, and $5,000.00 in damages related to Officer Numfor's failure to protect him.  *Id.*

Officer Numfor filed a motion to dismiss or, in the alternative, for summary judgment asserting, among other things, that the complaint should be dismissed because Mr. Morgan has failed to exhaust his administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).  ECF No. 13-1 at 5-7.  Additional facts regarding exhaustion will be provided *infra* as needed.

## II.     Standard of Review

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim.  However, the complaint must allege sufficient facts to establish those elements."  *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

2

When the moving party styles its motion as a motion to dismiss or, in the alternative, motion for summary judgment, as is the case here, and attaches additional materials to their motion, the nonmoving party is, of course, aware that materials outside the pleadings are before the court, and the court can treat the motion as one for summary judgment. *See Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998).

Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247-48 (emphasis in original). The court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (per curiam) (citation and quotation omitted), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015). At the same time, the court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).

## III.   Discussion

In his motion to dismiss or, in the alternative, for summary judgment, Officer Numfor raises the affirmative defense that Mr. Morgan has failed to exhaust his administrative remedies. ECF No. 13-1 at 5-7.  While Mr. Morgan replied to Officer Numfor's motion, he failed to address his alleged failure to exhaust.[1]

If Mr. Morgan's claims have not been properly presented through the administrative remedy procedure, they must be dismissed pursuant to the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e.  The PLRA provides, in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  For purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  42 U.S.C. § 1997e(h).  The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003), *aff'd*, 98 F. App'x 253 (4th Cir. 2004).

---

[1]   Mr. Morgan notes that he filed an appeal from the decision of the hearing officer after receiving a disciplinary infraction related to this incident.  ECF No. 17-1 at 2.  He states that following his hearing he filed a "written appeal to the Warden of MCI-J and received no help." *Id.*  He states that the "warden denied [him] relief" because he pled guilty to the relevant rule violation.  *Id.*; *see also* ECF No. 17-3 (Morgan's Exhibit 3, Appeal of Hearing Officer Decision). Mr. Morgan does not reference filing any ARPs, nor does he discuss any impediments or barriers that prevented him from filing an ARP.

Although exhaustion under § 1997e(a) is not a jurisdictional prerequisite, the plaintiff must nonetheless exhaust before this court will hear the claim. *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.2d 674, 682 (4th Cir. 2005). The exhaustion requirement "allow[s] a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Bock*, 549 U.S. at 219. It is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase*, 286 F. Supp. 2d at 530.

Because the court may not consider an unexhausted claim, *see Bock*, 549 U.S. at 220, in a very real sense, exhaustion prior to federal suit is mandatory. Therefore, a court ordinarily may not excuse a failure to exhaust. *Ross v. Blake*, 578 U.S. 632, 639 (2016) (citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")).

Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). Importantly, however, the court must ensure that "any defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Moreover, an inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a); *see Ross*, 578 U.S. at 636. An administrative remedy is not "available" where the prisoner, "through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (citing *Aquilar-Avellaveda*, 478 F. 3d at 1225); *Kaba*, 458 F.3d at 684.

5

In Maryland prisons, for the type of grievance asserted by Mr. Morgan, the Administrative Remedy Procedure ("ARP") is the administrative process that must be exhausted. Md. Code Regs. § 12.02.28.02(B)(1), (D) (2018). First, a prisoner must file an ARP with the warden within 30 days of the incident at issue. Md. Code Regs. § 12.02.28.05(D)(1) (requiring filing with the "managing official"); Md. Code Regs. § 12.02.28.02(B)(14) (defining "managing official" as "the warden or other individual responsible for management of the correctional facility"); Md. Code Regs. § 12.02.28.09(B) (setting the 30-day deadline). Second, if the ARP is denied, or the inmate does not receive a timely response, a prisoner must file an appeal with the Commissioner of Correction within 30 days. Md. Code Regs. § 12.02.28.14(B)(5). If the appeal is denied, the prisoner must appeal within 30 days to the Inmate Grievance Office ("IGO"). *See* Md. Code. Ann., Corr. Servs. §§ 10-206, 10-210; Md. Code Regs. § 12.07.01.05(B). If the grievance is determined to be "wholly lacking in merit on its face," the IGO may dismiss it without a hearing. C.S. § 10-207(b)(1); *see* COMAR 12.07.01.07B. An order of dismissal constitutes the final decision of the Secretary of DPSCS for purposes of judicial review. C.S. § 10-207(b)(2)(ii). If the grievance is dismissed, the "order of dismissal shall be forwarded to the complainant within 60 days after the complaint was submitted to the Office." C.S. § 10-207(b)(2)(i).

Exhaustion requires full completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Woodford,* 548 U.S. at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original).

With respect to Mr. Morgan's claim that Officer Numfor failed to protect him from an attack by another inmate, Mr. Morgan's pleadings and papers do not suggest that he pursued and completed an ARP. While Mr. Morgan vaguely suggests in his complaint that he pursued an ARP, it is clear that he did not complete the ARP procedures as required.[2]  In contrast, in his motion, Officer Numfor presented a declaration from Corporal Krystal L. Morton, ARP Coordinator for MCI-J, verifying that Mr. Morgan failed to utilize the ARP process regarding this incident.  ECF No. 13-5 at 1.  Specifically, Ms. Morton states that "[a] search of MCI-J records of ARP requests did not reveal any ARP filed by Inmate Morgan relating to Officer Numfor's alleged failure to protect Inmate Morgan from the events on March 11, 2021."  *Id.*  Notably, in his response to Officer Numfor's motion, Mr. Morgan does not suggest that he filed an ARP, he simply indicates that he appealed the hearing officer's decision regarding the disciplinary infraction he received related to this incident.  *See* ECF No. 17-1.  Further, Mr. Morgan does not allege that he was prevented in any way from utilizing the ARP process.  Thus, while Mr. Morgan may have made some efforts to have his claims heard by appealing the hearing officer's decision, he did not exhaust properly or fully his administrative remedies such that this court can now hear his claim.

## IV.    Motion to Seal

Officer Numfor filed a motion to place Exhibit 3 of his motion to dismiss, or in the alternative, motion for summary judgment under seal.  ECF No. 15.  In support thereof, Officer

---

[2]    In his complaint, Mr. Morgan checks a box that indicates he did file an ARP.  ECF No. 1 at 2.  When asked the result, he states "the grievance sent me court papers to put my grievance in front of a judge.  I never received a response from the courts."  *Id.*  He also states that he appealed but, "the warden turn down" his appeal.  *Id.*  No additional dates or factual details are provided in any of Mr. Morgan's filings to contextualize these alleged efforts to exhaust.  These statements do not reflect compliance with the grievance process required of inmates in Maryland prisons as previously outlined.

Numfor states that "[t]he information is sensitive in nature containing protected health information not otherwise a matter of public record." *Id.*

Local Rule 105.11 (D. Md. 2023), which governs the sealing of all documents filed in the record, states in relevant part: "[a]ny motion seeking the sealing of pleadings, motions, exhibits or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." The Rule balances the public's common law right to inspect and copy judicial records and documents, *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), with competing interests that sometimes outweigh the public's right, *see In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). The common-law presumptive right of access can only be rebutted by showing that countervailing interests heavily outweigh the public interest in access. *Doe v. Public Citizen*, 749 F.3d 246, 265-66 (4th Cir. 2014). The public's right of access to dispositive motions and the exhibits filed within is protected to an even higher standard by the First Amendment. *See Rushford v. New Yorker Magazine, Inc.,* 846 F.2d 249, 253 (4th Cir. 1988). This right also "extends to a judicial opinion ruling on a summary judgment motion." *Public Citizen*, 749 F.3d at 267. The First Amendment's right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" *Id.* at 266 (citation omitted). "[S]ensitive medical or personal identification information may be sealed," but not where "the scope of [the] request is too broad." *Rock v. McHugh*, 819 F. Supp. 2d 456, 475 (D. Md. 2011).

Here, the scope of the request is limited only to Mr. Morgan's private medical records. Further, as resolution of this case turns on Mr. Morgan's failure to exhaust his administrative

remedies, and not the contents of his private medical records, there is little need for these documents to remain publicly available in this case.  Therefore, the motion shall be granted.

V.      **Conclusion**

There is no avenue available here by which the exhaustion requirement can be excused. Mr. Morgan's claim against Officer Numfor is unexhausted and will therefore be dismissed without prejudice.[3]  Officer Numfor's motion to seal (ECF No. 15) will be granted, and Mr. Morgan's medical records (ECF No. 14) will remain under seal.

A separate Order follows.

September 27, 2023                                        /s/
Date                                                DEBORAH K. CHASANOW
                                                    United States District Judge

---

[3]  The court need not address Officer Numfor's additional defenses insofar as claims against him will be dismissed for Mr. Morgan's failure to exhaust administrative remedies.